```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


ENRIQUE RODRIGUEZ,               §
TDCJ-CID NO. 1102572,            §
                                 §
             Petitioner,         §
                                 §
v.                               §      CIVIL ACTION NO. H-06-4001
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
             Respondent.         §
```

**MEMORANDUM OPINION AND ORDER**

Enrique Rodriguez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction. 28 U.S.C. § 2254. After considering Rodriguez's response to the court's Order (Docket Entry No. 4) instructing him to show cause why his petition should not be dismissed as untimely, this court has concluded from the pleadings and available records that the petition should be dismissed under the provisions of 28 U.S.C. § 2244(d).

**I.  Procedural History**

According to the petition (Docket Entry No. 1) and available records, Rodriguez was convicted of possession of a controlled substance and sentenced to twenty-five years in prison after entering a plea of guilty. State v. Rodriguez, No. 880,447 (337th

Dist. Ct., Harris County, Tex., May 20, 2002). Rodriguez did not file a direct appeal; nor was any petition for discretionary review filed. (Docket Entry No. 1, at 3) Rodriguez filed a state application for a writ of habeas corpus on April 1, 2005.[1] The application was forwarded to the Texas Court of Criminal Appeals, which denied it without a written order, based on the trial court's findings, on May 3, 2006.

Rodriguez's federal petition is considered filed on December 10, 2006, the date he declared that he placed it in the prison mails. (Docket Entry No. 1, at 9) Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). This court examined the petition and made a preliminary finding that it was untimely because it had been filed more than four and one-half years after the trial court entered its judgment and sentence. Rodriguez was notified of the court's findings and was given an opportunity to file a response. See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). Rodriguez's Response (Docket Entry No. 5) consists of a claim of ineffective assistance of counsel.

---

[1] Rodriguez states in his petition that a state habeas applica-tion was not filed until March 1, 2006. However, this is the date the Harris County District Clerk forwarded the application to the Texas Court of Criminal Appeals. See Texas Judiciary Website, http://www.cca.courts.state.tx.us/opinions/. The Harris County District Clerk's Office verified by telephone that the application was actually filed on April 1, 2005.

## II.  <u>One-Year Statute of Limitations</u>

Rodriguez's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding a habeas petition's timeliness before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Rodriguez entered a guilty plea on May 20, 2002, and did not appeal.  Therefore, the conviction became final on June 19, 2002, the last day he could have filed a notice of appeal.  TEX. R. APP. P. 26.2(a) (West 2002) (defendant must file his appeal within 30 days of the date the trial court enters its judgment).  See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197.  Rodriguez's state habeas application was not filed until April 1, 2005, more than two years and nine months after the conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A).  Consequently, the state application did not toll the federal habeas limitation period because it was not filed until after the one-year period's expiration date.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing 28 U.S.C. § 2244(d)(2). Consequently, the limitations period expired on June 19, 2003.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Rodriguez's federal petition is untimely because it was filed on December 10, 2006, more than three years and five months after the expiration of the limitations period.  Rodriguez has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing

of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this habeas action is subject to dismissal because it is untimely.

In his response (Docket Entry No. 5), Rodriguez sets forth a narrative in which he attempts to blame his attorneys for the untimeliness of his petition for a writ of habeas corpus.  In some habeas cases equitable tolling is permissible but only "in rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  The court looks at all of the facts before determining whether a petitioner is entitled to equitable tolling. Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).  A claim of ineffective assistance of counsel is not a ground for equitable tolling.  United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."), quoting Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  Although Rodriguez contends that his attorneys engaged in "egregious misconduct" (see Docket Entry No. 5, at 3), he does not allege any facts that indicate that he was actively and effectively misled by any party regarding the filing of a timely federal habeas petition. Rodriguez asserts that his retained attorney, Paul Looney, promised

him that he would "take care of" matters before the expiration of the period for filing an appeal but instead did nothing while holding Rodriguez's records. (Docket Entry No. 5, at 7)  However, Rodriguez apparently discovered Looney's dereliction of duty and went to another attorney, Roberto Rivera, in June of 2002, only a month after he was convicted.  Id.  Rodriguez claims that Rivera also lied to him about his direct appeal, although Rodriguez admits that he soon became suspicious when he did not receive any official notification that an appeal had been filed.  Id.  Rodriguez then asserts that on October 8, 2003, he retained the services of attorney Joe Roach for the purpose of filing a state application for a writ of habeas corpus.  Id. at 8.  At that time Rodriguez was aware that the time for filing an appeal had elapsed and hired Roach to correct the problem.  Id.  According to the records, Roach filed the state habeas application on April 1, 2005, and it was denied on May 3, 2006.

A habeas petitioner seeking equitable tolling must establish that he exercised due diligence in pursuing his remedies and that "some 'extraordinary circumstance stood in his way.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.), cert. denied, 127 S.Ct. 198 (2006), quoting Pace v. DiGugliemo, 125 S.Ct. 1807, 1814 (2005).  Although Rodriguez's allegations indicate that he was at times given false information about the progress of his appeal, they also demonstrate that he was aware that he was being misled

well before the expiration of the period.  Moreover, there is a seventeen-month gap between the time that Rodriguez retained Rivera and the date that he hired Roach.  Rodriguez's counsels' failure to file an appeal was a matter of public record that could have been discovered with reasonable diligence.  <u>Owens v. Boyd</u>, 235 F.3d 356, 360 (7th Cir. 2000), <u>as amended</u> (Jan. 22, 2001).  Regardless of whether Rodriguez recognized the full legal significance of the delay, he was aware of the problem and had an obligation to take immediate corrective action.  <u>Id.</u>  Instead, Rodriguez, with the help of his family, continued to pursue Rivera, ostensibly in order to obtain his case file.  Although it is understandable that Rodriguez would want his records, their absence would not have prevented him from filing a habeas petition and would not constitute adequate cause for failing to file a timely federal petition.  <u>Jihad v. Hvass</u>, 267 F.3d 803, 806 (8th Cir. 2001); <u>Gassler v. Bruton</u>, 255 F.3d 492, 495 (8th Cir. 2001).

Rodriguez was out of time by the time he hired Roach to file a habeas application.  The time Roach took to file the state habeas application did not cause an otherwise timely federal petition to be untimely although it certainly added to the delay.

Equitable tolling is granted only where it is shown that the petitioner acted with diligence and alacrity.  <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000).  As noted above, Texas appellate court decisions are a matter of public record; and

-7-

Rodriguez, who had family members assisting him, would have been able to learn of the denial of his state habeas petition within a short period of time.  See Owens, 235 F.3d at 360.  Instead of immediately filing a federal habeas petition, Rodriguez filed a complaint with the State Bar of Texas.  See letter from State Bar, dated November 16, 2006, Docket Entry No. 5, Exhibit B. Rodriguez's seven-month delay in filing his federal habeas petition after the state court's denial of relief weighs against granting equitable tolling.  Melancon, 259 F.3d at 407-08.

Rodriguez also asserts that he should be granted equitable tolling because he is actually innocent of the crime.  (Docket Entry No. 5, at 2)  This argument does not assert a "rare and exceptional" circumstance that would entitle a habeas petitioner to equitable tolling.  Cousin, 310 F.3d at 849, citing Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Rodriguez's contentions and allegations do not show that exceptional circumstances prevented him from filing within the one-year period required by federal law.  Therefore, this habeas action shall be dismissed as untimely under 28 U.S.C. § 2244(d).

### III.  Motion to File Amended Complaint

Rodriguez has filed motions (Docket Entry Nos. 6 and 7) in which he declares that he has filed a civil lawsuit in state court against his former attorneys.  Attached to one of the motions is a copy of the complaint, which states that Rodriguez seeks damages

from the attorneys for their alleged breaches of duty. He moves to amend the habeas action by making the state lawsuit a part of this habeas action. The motions will be denied. See Preiser v. Rodriquez, 93 S.Ct. 1827, 1833 (1973); Younger v. Harris, 91 S.Ct. 746 (1971).

## IV.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see

also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Rodriguez has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a Certificate of Appealability from this decision will not be issued.

### V. Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2. A Certificate of Appealability is **DENIED**.

3. The petitioner's motions (Docket Entry Nos. 6 and 7) are **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 15th day of June, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE